## BRAUNLIN v BOARD OF EDUCATION OF GREEN TWP., SCIOTO CO

Ohio Appeals, 4th Dist, Scioto Co
Decided April 24, 1931

Blair & Ball and Irish & Riley, Portsmouth, for Braunlin.

Miller & Searl, Portsmouth, for Board of Education.

MIDDLETON, J.

It is contended in behalf of the plaintiff, however, that under the protection of §8543 GC he is a bona fide purchaser of this property and had no knowledge of the existence of the deed or the rights of the board to the property. We are unable to give the plaintiff the benefit of that section under the facts as developed by the evidence in this case. The school house had been used until September, 1925. There had been considerable controversy between the plaintiff's grantor and the board, and those controversies were all of public knowledge. The property is a school building and it had not been vacant and unused as a school building long enough to take away from it the appearance of a building of that kind. A school building, like any other public building, when located on land about to be purchased, is a signal of danger to the prospective buyer and notice to him to stop and inquire as to why a building like that is allowed on what purports to be private property if no right thereto in the public appears of record.

From the language used by the Court of Common Pleas in its judgment entry it is apparent that that court merely found that the board of education was entitled to the possession of this lot at that time, and that is the conclusion of this court. As before observed, the evidence establishes that in 1925, by reason of a centralized school building having been constructed in Green Township, the defendant board ceased using the property in controversy but they did not abandon it at that time. We will not undertake to say that under the provisions of §7330-1 GC the board could not abandon the building until the expiration of four years from the time it was first vacated. We have held, however, that under circumstances similar to those appearing in the instant case a board of education has a reasonable time within which to finally determine what disposition should be made

of the then vacated building. The evidence shows that the board had under consideration a plan to again use the building for primary grades as the centralized school building was not sufficient to take care of the number of pupils then attending that school. It appears from the record that the grantor of the plaintiff interrupted an action by the board to dispose of the property, which intention to sell the property was thereafter rescinded by the board. In June, 1928, the instant case was instituted. We are compelled to hold under these facts that at the time of the bringing of this action the board of education then had the right to the possession of the property in question. It undoubtedly is the right of the board of education to remove this building when it is finally abandoned, and if the board does not intend again to use it for school purposes they should remove it or dispose of it within a reasonable time. If by reason of this litigation they have been prevented from using the property and now desire to use it for school purposes they should proceed without further delay to provide for its occupation as a school building.

The petition of the plaintiff is dismissed on the ground that this court finds that at the time of the bringing of the action the defendant board was entitled to the possession of the property described in the petition,

Decree for defendant.

MAUCK, PJ, and BLOSSER, J, concur.